IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>    Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>Washington, DC 20528,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief. Plaintiff seeks the expedited processing and release of records concerning the Automated Targeting System that plaintiff requested from defendant Department of Homeland Security. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about the Automated Targeting System, plaintiff is statutorily entitled to the expedited treatment it seeks.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Defendant DHS's "Automated Targeting System"

5. By notice published on November 2, 2006, defendant DHS and its component, Customs and Border Protection, described a "system of records" called the "Automated Targeting System" ("ATS"). The ATS, as described by DHS, is a data-mining system that the agency uses to create "risk assessments" for tens of millions of travelers, including U.S. citizens. It includes information that is not "relevant and necessary" to accomplish its stated purpose of improving security. Individuals have no right to access information about themselves contained in the system, nor to request correction of information that is inaccurate, irrelevant, untimely or incomplete. While personal information contained in the ATS is *not* accessible to the affected individuals, it *is* made readily available to an untold numbers of federal, state, local and foreign agencies, as well as a wide variety of "third parties," including "contractors, grantees, experts, consultants, students, and others." The "risk assessments" created by the system and assigned to tens of millions of law-abiding individuals will be retained by the government for 40 years. Among the many details absent from its Federal Register notice, the agency has failed to

describe the consequences that might result from a "risk assessment" score (possibly derived from inaccurate or incomplete information) indicating that an individual poses a "threat or potential threat to national or international security."

6. In its Federal Register notice, defendant DHS stated that "[t]he new system of records will be effective December 4, 2006, unless comments are received that result in a contrary determination."

7. On November 30, 2006, EFF submitted comments to defendant DHS concerning the ATS. In its comments, EFF, *inter alia*, requested that DHS "provide greater transparency concerning the system prior to its implementation," and urged the agency to "provide an additional opportunity for public comment once additional information about the system is made public."

8. On or about December 5, 2006, defendant DHS announced that it would extend the public comment period for ATS until December 29, 2006.

9. On December 8, 2006, defendant DHS published a notice in the Federal Register stating that "DHS has received a number of comments from the public requesting an extension of the comment period. DHS has decided to grant the request for the extension." The notice further stated that public comments on the ATS "are now due on or before December 29, 2006."

### Plaintiff's FOIA Requests and Requests for Expedited Processing

10. By letter delivered by facsimile to defendant DHS and dated November 7, 2006, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records) concerning the ATS:

1. all Privacy Impact Assessments prepared for the system;

2. a Memorandum of Understanding executed on or about March 9, 2005, between Customs and Border Protection ("CPB") and the Canada Border Services Agency to

       facilitate the Automated Exchange of Lookouts and the Exchange of Advance Passenger Information; and

3. all records, including Privacy Act notices, that discuss or describe the use of personally-identifiable information by CPB (or its predecessors) for purposes of "screening" air and sea travelers.

11.  On information and belief, defendant DHS received plaintiff's letter described in ¶ 10 on November 7, 2006.

12.  In its letter to defendant DHS dated November 7, 2006, plaintiff requested expedited processing of the FOIA request described in ¶ 10.  Plaintiff's request was in conformance with the requirements for such requests set forth in defendant DHS's regulations.  Plaintiff stated that its FOIA request meets the criteria for expedited processing under defendant DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

13.  In support of its request for expedited processing of its FOIA request, plaintiff noted that "there is substantial public interest in the Department's use of the ATS to assign 'risk assessments' to American citizens."  Plaintiff further noted that "[a] search conducted on Google News indicates that since the Federal Register notice was published five days ago, 58 articles have been published that discuss the system and the privacy issues it raises" and that "[t]he published articles include coverage by the Washington Post and the Associated Press."

14.  In further support of its request for expedited processing of its FOIA request, plaintiff stated:

> [T]here is an "urgency to inform the public" about the potential privacy implications of the ATS because the Department has solicited public comments and announced that "[t]he new system of records will be effective December 4, 2006, unless comments are received that result in a contrary determination." Indeed, it is difficult to imagine circumstances where there would be a greater "urgency to inform the public" than when an agency has solicited public comment on a significant issue, set a short deadline for the submission of comments, and

4

stated its intention to go forward with its proposal "unless comments are received that result in a contrary determination."

The purpose of this request is to obtain information directly relevant to DHS's Privacy Act notice and the practices it describes (which will affect tens of millions of American citizens). There is clearly "an urgency to inform the public" about the Department's policies with respect to this issue in order to facilitate full and informed public comment on the issue prior to the December 4 deadline the Department has imposed.

15. Plaintiff provided defendant DHS extensive documentation demonstrating that plaintiff is "primarily engaged in disseminating information."

16. By letter to plaintiff dated November 14, 2006, defendant DHS "acknowledge[d] receipt" of plaintiff's FOIA request described in ¶ 10.

17. By letter delivered by facsimile to defendant DHS and dated December 6, 2006, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records) concerning the ATS:

1. all Privacy Impact Assessments prepared for the ATS or any predecessor system that served the same function but bore a different name;

2. all System of Records Notices ("SORNs") that discuss or describe targeting, screening or assigning "risk assessments" of U.S. citizens by Customs and Border Protection (or its predecessors);

3. all records that discuss or describe the redress that is available to individuals who believe that the ATS contains or utilizes inaccurate, incomplete or outdated information about them;

4. all records that discuss or describe the potential consequences that individuals might experience as a result of the agency's use of the ATS, including but not limited to arrest, physical searches, surveillance, denial of the opportunity to travel, and loss of employment opportunities;

5. all records that discuss or identify the number of individuals who have been arrested as a result of screening by the ATS, and the offenses for which they were charged;

6. all complaints received from individuals concerning actions taken by the agency as a result of ATS "risk assessments" or other information contained in the ATS, and the agency's responses to those complaints;

7. all records that discuss or describe Section 514 of the Department of Homeland Security Appropriations Act, 2007, P.L. 109-295 (H.R. 5441) and its prohibition against the development or testing of "algorithms assigning risk to passengers whose names are not on Government watch lists;" and

8. all records that address any of the following issues:

> a) whether a system of due process exists whereby aviation passengers determined to pose a threat are either delayed or prohibited from boarding their scheduled flights may appeal such decision and correct erroneous information contained in the ATS;
>
> b) whether the underlying error rate of the government and private data bases that will be used in the ATS to assign a risk level to an individual will not produce a large number of false positives that will result in a significant number of individuals being treated mistakenly or security resources being diverted;
>
> c) whether the agency has stress-tested and demonstrated the efficacy and accuracy of all search tools in the ATS and has demonstrated that the ATS can make an accurate predictive assessment of those individuals who may constitute a threat;
>
> d) whether the Secretary of Homeland Security has established an internal oversight board to monitor the manner in which the ATS is being developed and prepared;
>
> e) whether the agency has built in sufficient operational safeguards to reduce the opportunities for abuse;
>
> f) whether substantial security measures are in place to protect the ATS from unauthorized access by hackers or other intruders;
>
> g) whether the agency has adopted policies establishing effective oversight of the use and operation of the system;
>
> h) whether there are no specific privacy concerns with the technological architecture of the system;
>
> i) whether the agency has, pursuant to the requirements of section 44903(i)(2)(A) of title 49, United States Code, modified the ATS with respect to intrastate transportation to accommodate States with unique air transportation needs and passengers who might otherwise regularly trigger a high risk status; and
>
> j) whether appropriate life-cycle cost estimates, and expenditure and program plans exist.

18. On information and belief, defendant DHS received plaintiff's letter described in ¶ 17 on December 6, 2006.

19. In its letter to defendant DHS dated December 6, 2006, plaintiff requested expedited processing of the FOIA request described in ¶ 17. Plaintiff's request was in conformance with the requirements for such requests set forth in defendant DHS's regulations. Plaintiff stated that its FOIA request meets the criteria for expedited processing under defendant DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

20. In support of its request for expedited processing of its FOIA request, plaintiff noted that "there is substantial public interest in the Department's use of the ATS to assign 'risk assessments' to American citizens." Plaintiff further noted that "[a] search conducted on Google News indicates that since the Federal Register notice was published on November 2, almost 900 articles have been published that discuss the system and the privacy issues it raises," and that "[t]he published articles include coverage by the Washington Post and the Associated Press."

21. In further support of its request for expedited processing of its FOIA request, plaintiff stated:

> [T]here is an "urgency to inform the public" about the potential privacy implications of the ATS because the Department has solicited public comments and yesterday extended the comment period until December 29. In addition, Sen Patrick Leahy, incoming chairman of the Senate Judiciary Committee, has announced that oversight of the ATS and similar systems will occur when the new Congress convenes in January. Similarly, Senate Homeland Security Investigations Subcommittee Chairman Norm Coleman has indicated he also is examining the system. Sen. Coleman said, "We must ensure that this program is indeed working to prevent terrorism, while at the same time safeguarding the privacy of air travelers." Rep. Bennie Thompson, incoming chairman of the House Homeland Security Committee has written in a letter to Secretary Chertoff that "serious concerns have arisen that . . . some elements of ATS as practiced may constitute violations of privacy or civil rights."

    The purpose of this request is to obtain information directly relevant to DHS's Privacy Act notice and the practices it describes (which will affect tens of millions of American citizens).  There is clearly "an urgency to inform the public" about the Department's policies with respect to this issue in order to facilitate full and informed public comment and debate on the issue prior to the new December 29 deadline the Department has imposed, and prior to the Congressional consideration of the system when the new Congress convenes in January.

22.  Plaintiff provided defendant DHS extensive documentation demonstrating that plaintiff is "primarily engaged in disseminating information."  In addition, plaintiff noted that "the Department recently acknowledged that EFF qualifies for 'news media' fee status" and attached to its request a letter dated November 17, 2006, in which DHS informed plaintiff that "[f]or purposes of fees, your organization is considered news media," and that plaintiff is subject to fees "for duplication only."

### Defendant's Denial of Plaintiff's Request for Expedited Processing

23.  By letter to plaintiff dated December 14, 2006, defendant DHS advised plaintiff that defendant had "aggregated" plaintiff's FOIA requests dated November 7, 2006, and December 6, 2006, "to simplify processing."  Defendant further advised plaintiff that "[a]s it relates to your request for expedited treatment, your request is denied."

24.  Plaintiff has exhausted the applicable administrative remedies.

25.  Plaintiff is entitled to expedited processing of its FOIA requests under the standards contained in the FOIA and defendant DHS's regulations.

26.  Defendant DHS has wrongfully withheld the requested records from plaintiff.

### CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Denial of Request for Expedited Processing

27. Plaintiff repeats and realleges paragraphs 1-26.

28. Defendant DHS's denial of plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), and defendant DOJ's own regulation promulgated thereunder, 6 CFR § 5.5(d)(1)(ii).

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DHS to expedite the processing of plaintiff's FOIA requests submitted to defendant DHS on November 7, 2006, and December 6, 2006;

B. Issue a declaration that plaintiff is entitled to expedited processing of its requests to defendant DHS under the FOIA when there is an "urgency to inform the public about an actual or alleged federal government activity" that is the subject of such a request;

D. Provide for expeditious proceedings in this action;

C. Retain jurisdiction of this action to ensure that the processing of plaintiff's FOIA requests is expedited;

E. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**
Electronic Frontier Foundation

**DEFENDANTS**
Department of Homeland Security

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:06CV02154
JUDGE: Reggie B. Walton
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 12/19/2006

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David L. Sobel, Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC 20009   (202) 797-9009

**II BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR   ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. *Habeas Corpus/2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

FOIA, 5 U.S.C. § 552; Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 12/19/06   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.