IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>    Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>Washington, DC 20528,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-2154 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

  1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief. Plaintiff seeks the expedited processing and release of records concerning the Automated Targeting System that plaintiff requested from defendant Department of Homeland Security. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about the Automated Targeting System, plaintiff is statutorily entitled to the expedited treatment it seeks.

**Jurisdiction and Venue**

  2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Defendant DHS's "Automated Targeting System"**

5. By notice published on November 2, 2006, defendant DHS and its component, Customs and Border Protection, described a "system of records" called the "Automated Targeting System" ("ATS"). The ATS, as described by DHS, is a data-mining system that the agency uses to create "risk assessments" for tens of millions of travelers, including U.S. citizens. It includes information that is not "relevant and necessary" to accomplish its stated purpose of improving security. Individuals have no right to access information about themselves contained in the system, nor to request correction of information that is inaccurate, irrelevant, untimely or incomplete. While personal information contained in the ATS is *not* accessible to the affected individuals, it *is* made readily available to an untold numbers of federal, state, local and foreign agencies, as well as a wide variety of "third parties," including "contractors, grantees, experts, consultants, students, and others." The "risk assessments" created by the system and assigned to tens of millions of law-abiding individuals will be retained by the government for 40 years. Among the many details absent from its Federal Register notice, the agency has failed to

describe the consequences that might result from a "risk assessment" score (possibly derived from inaccurate or incomplete information) indicating that an individual poses a "threat or potential threat to national or international security."

6. In its Federal Register notice, defendant DHS stated that "[t]he new system of records will be effective December 4, 2006, unless comments are received that result in a contrary determination."

7. On November 30, 2006, EFF submitted comments to defendant DHS concerning the ATS. In its comments, EFF, *inter alia*, requested that DHS "provide greater transparency concerning the system prior to its implementation," and urged the agency to "provide an additional opportunity for public comment once additional information about the system is made public."

8. On or about December 5, 2006, defendant DHS announced that it would extend the public comment period for ATS until December 29, 2006.

9. On December 8, 2006, defendant DHS published a notice in the Federal Register stating that "DHS has received a number of comments from the public requesting an extension of the comment period. DHS has decided to grant the request for the extension." The notice further stated that public comments on the ATS "are now due on or before December 29, 2006."

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

10. By letter delivered by facsimile to defendant DHS and dated November 7, 2006, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records) concerning the ATS:

1. all Privacy Impact Assessments prepared for the system;

2. a Memorandum of Understanding executed on or about March 9, 2005, between Customs and Border Protection ("CPB") and the Canada Border Services Agency to

      facilitate the Automated Exchange of Lookouts and the Exchange of Advance Passenger Information; and

3. all records, including Privacy Act notices, that discuss or describe the use of personally-identifiable information by CPB (or its predecessors) for purposes of "screening" air and sea travelers.

11. On information and belief, defendant DHS received plaintiff's letter described in ¶ 10 on November 7, 2006.

12. In its letter to defendant DHS dated November 7, 2006, plaintiff requested expedited processing of the FOIA request described in ¶ 10. Plaintiff's request was in conformance with the requirements for such requests set forth in defendant DHS's regulations. Plaintiff stated that its FOIA request meets the criteria for expedited processing under defendant DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

13. In support of its request for expedited processing of its FOIA request, plaintiff noted that "there is substantial public interest in the Department's use of the ATS to assign 'risk assessments' to American citizens." Plaintiff further noted that "[a] search conducted on Google News indicates that since the Federal Register notice was published five days ago, 58 articles have been published that discuss the system and the privacy issues it raises" and that "[t]he published articles include coverage by the Washington Post and the Associated Press."

14. In further support of its request for expedited processing of its FOIA request, plaintiff stated:

> [T]here is an "urgency to inform the public" about the potential privacy implications of the ATS because the Department has solicited public comments and announced that "[t]he new system of records will be effective December 4, 2006, unless comments are received that result in a contrary determination." Indeed, it is difficult to imagine circumstances where there would be a greater "urgency to inform the public" than when an agency has solicited public comment on a significant issue, set a short deadline for the submission of comments, and

4

stated its intention to go forward with its proposal "unless comments are received that result in a contrary determination."

The purpose of this request is to obtain information directly relevant to DHS's Privacy Act notice and the practices it describes (which will affect tens of millions of American citizens). There is clearly "an urgency to inform the public" about the Department's policies with respect to this issue in order to facilitate full and informed public comment on the issue prior to the December 4 deadline the Department has imposed.

15. Plaintiff provided defendant DHS extensive documentation demonstrating that plaintiff is "primarily engaged in disseminating information."

16. By letter to plaintiff dated November 14, 2006, defendant DHS "acknowledge[d] receipt" of plaintiff's FOIA request described in ¶ 10.

17. By letter delivered by facsimile to defendant DHS and dated December 6, 2006, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records) concerning the ATS:

   1. all Privacy Impact Assessments prepared for the ATS or any predecessor system that served the same function but bore a different name;

   2. all System of Records Notices ("SORNs") that discuss or describe targeting, screening or assigning "risk assessments" of U.S. citizens by Customs and Border Protection (or its predecessors);

   3. all records that discuss or describe the redress that is available to individuals who believe that the ATS contains or utilizes inaccurate, incomplete or outdated information about them;

   4. all records that discuss or describe the potential consequences that individuals might experience as a result of the agency's use of the ATS, including but not limited to arrest, physical searches, surveillance, denial of the opportunity to travel, and loss of employment opportunities;

   5. all records that discuss or identify the number of individuals who have been arrested as a result of screening by the ATS, and the offenses for which they were charged;

   6. all complaints received from individuals concerning actions taken by the agency as a result of ATS "risk assessments" or other information contained in the ATS, and the agency's responses to those complaints;

7. all records that discuss or describe Section 514 of the Department of Homeland Security Appropriations Act, 2007, P.L. 109-295 (H.R. 5441) and its prohibition against the development or testing of "algorithms assigning risk to passengers whose names are not on Government watch lists;" and

8. all records that address any of the following issues:

> a) whether a system of due process exists whereby aviation passengers determined to pose a threat are either delayed or prohibited from boarding their scheduled flights may appeal such decision and correct erroneous information contained in the ATS;
>
> b) whether the underlying error rate of the government and private data bases that will be used in the ATS to assign a risk level to an individual will not produce a large number of false positives that will result in a significant number of individuals being treated mistakenly or security resources being diverted;
>
> c) whether the agency has stress-tested and demonstrated the efficacy and accuracy of all search tools in the ATS and has demonstrated that the ATS can make an accurate predictive assessment of those individuals who may constitute a threat;
>
> d) whether the Secretary of Homeland Security has established an internal oversight board to monitor the manner in which the ATS is being developed and prepared;
> e) whether the agency has built in sufficient operational safeguards to reduce the opportunities for abuse;
>
> f) whether substantial security measures are in place to protect the ATS from unauthorized access by hackers or other intruders;
>
> g) whether the agency has adopted policies establishing effective oversight of the use and operation of the system;
>
> h) whether there are no specific privacy concerns with the technological architecture of the system;
>
> i) whether the agency has, pursuant to the requirements of section 44903(i)(2)(A) of title 49, United States Code, modified the ATS with respect to intrastate transportation to accommodate States with unique air transportation needs and passengers who might otherwise regularly trigger a high risk status; and
>
> j) whether appropriate life-cycle cost estimates, and expenditure and program plans exist.

18. On information and belief, defendant DHS received plaintiff's letter described in ¶ 17 on December 6, 2006.

19. In its letter to defendant DHS dated December 6, 2006, plaintiff requested expedited processing of the FOIA request described in ¶ 17. Plaintiff's request was in conformance with the requirements for such requests set forth in defendant DHS's regulations. Plaintiff stated that its FOIA request meets the criteria for expedited processing under defendant DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

20. In support of its request for expedited processing of its FOIA request, plaintiff noted that "there is substantial public interest in the Department's use of the ATS to assign 'risk assessments' to American citizens." Plaintiff further noted that "[a] search conducted on Google News indicates that since the Federal Register notice was published on November 2, almost 900 articles have been published that discuss the system and the privacy issues it raises," and that "[t]he published articles include coverage by the Washington Post and the Associated Press."

21. In further support of its request for expedited processing of its FOIA request, plaintiff stated:

> [T]here is an "urgency to inform the public" about the potential privacy implications of the ATS because the Department has solicited public comments and yesterday extended the comment period until December 29. In addition, Sen Patrick Leahy, incoming chairman of the Senate Judiciary Committee, has announced that oversight of the ATS and similar systems will occur when the new Congress convenes in January. Similarly, Senate Homeland Security Investigations Subcommittee Chairman Norm Coleman has indicated he also is examining the system. Sen. Coleman said, "We must ensure that this program is indeed working to prevent terrorism, while at the same time safeguarding the privacy of air travelers." Rep. Bennie Thompson, incoming chairman of the House Homeland Security Committee has written in a letter to Secretary Chertoff that "serious concerns have arisen that . . . some elements of ATS as practiced may constitute violations of privacy or civil rights."

7

> The purpose of this request is to obtain information directly relevant to DHS's Privacy Act notice and the practices it describes (which will affect tens of millions of American citizens). There is clearly "an urgency to inform the public" about the Department's policies with respect to this issue in order to facilitate full and informed public comment and debate on the issue prior to the new December 29 deadline the Department has imposed, and prior to the Congressional consideration of the system when the new Congress convenes in January.

22. Plaintiff provided defendant DHS extensive documentation demonstrating that plaintiff is "primarily engaged in disseminating information." In addition, plaintiff noted that "the Department recently acknowledged that EFF qualifies for 'news media' fee status" and attached to its request a letter dated November 17, 2006, in which DHS informed plaintiff that "[f]or purposes of fees, your organization is considered news media," and that plaintiff is subject to fees "for duplication only."

### Defendant's Denial of Plaintiff's Request for Expedited Processing and Failure to Release Responsive Agency Records

23. By letter to plaintiff dated December 14, 2006, defendant DHS advised plaintiff that defendant had "aggregated" plaintiff's FOIA requests dated November 7, 2006, and December 6, 2006, "to simplify processing." Defendant further advised plaintiff that "[a]s it relates to your request for expedited treatment, your request is denied."

24. To date, defendant DHS has not released to plaintiff agency records responsive to plaintiff's FOIA requests dated November 7, 2006, and December 6, 2006.

25. Plaintiff has exhausted the applicable administrative remedies.

26. Plaintiff is entitled to expedited processing of its FOIA requests under the standards contained in the FOIA and defendant DHS's regulations.

27. Defendant DHS has wrongfully withheld the requested records from plaintiff through its failure to release responsive records.

## CAUSES OF ACTION

### First Cause of Action:
### Violation of the Freedom of Information Act for
### Denial of Request for Expedited Processing

28. Plaintiff repeats and realleges paragraphs 1-27.

29. Defendant DHS's denial of plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), and defendant DHS's own regulation promulgated thereunder, 6 CFR § 5.5(d)(1)(ii).

### Second Cause of Action:
### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

30. Plaintiff repeats and realleges ¶¶ 1-27.

31. Defendant DHS has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

32. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DHS's wrongful withholding of the requested records.

33. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DHS to expedite the processing of plaintiff's FOIA requests submitted to defendant DHS on November 7, 2006, and December 6, 2006;

B. Order defendant DHS to expeditiously disclose the requested records in their entireties and make copies available to plaintiff;

C. Issue a declaration that plaintiff is entitled to expedited processing of its requests to defendant DHS under the FOIA when there is an "urgency to inform the public about an actual or alleged federal government activity" that is the subject of such a request;

D. Provide for expeditious proceedings in this action;

E. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff