IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 05-2154 (RBW) |

**DEFENDANT'S ANSWER**

Defendant the United States Department of Homeland Security ("DHS") hereby answers the Complaint of plaintiff Electronic Frontier Foundation ("EFF").

**First Affirmative Defense**

The Court lacks jurisdiction over plaintiff's First Cause of Action.

**Defendant's Responses to the Numbered Paragraphs**

Answering the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1.   This paragraph consists of plaintiff's conclusions of law and plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

2.   This paragraph contains plaintiff's conclusions of law regarding the scope and extent of the Court's jurisdiction and venue, to which no response is required.

3.   Defendant lacks knowledge sufficient to form a belief as to the truth of the

allegations of this paragraph.

4. Admit.

5. The first sentence contains plaintiff's characterization of a Notice published by DHS on November 2, 2006, at 71 Fed. Reg. 64,543.  Defendant respectfully refers the Court to the text of this Notice for a full and accurate statement of its contents.  Defendant admits that Automated Targeting System (specifically, the Automated Targeting System - Passenger (ATS-P)) creates risk assessments of travelers crossing the U.S. border, and denies the remaining allegations of the second sentence.  Defendant denies the allegations of the third, fourth, fifth, and seventh sentences, and respectfully refers the Court to the Notice for a full and accurate statement of the purpose of the Automated Targeting System and policies regarding record retention and categories of users.  Defendant admits that the risk assessments created by ATS may be retained by the government for up to 40 years, but denies the remaining allegations of the sixth sentence.

6. This paragraph quotes a portion of the November 2, 2006 notice, to which the Court is respectfully referred for a full and accurate statement of its contents.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit the first sentence.  Deny the second sentence.  As to the third sentence, admit that plaintiff referenced 6 CFR § 5.5(d)(1)(ii) and stated that this "request warrants

expedited processing because it pertains to a matter about which there is an 'urgency to inform the public about an actual or alleged federal government activity,' and the request is made by 'a person primarily engaged in disseminating information.'" To the extent that the third sentence implies that plaintiff met the standard for expedited processing, this sentence is denied.

       13.    This paragraph quotes a portion of plaintiff's November 7, 2006 FOIA request, to which the Court is respectfully referred for a full and accurate statement of its contents.

       14.    This paragraph quotes a portion of plaintiff's November 7, 2006 FOIA request, to which the Court is respectfully referred for a full and accurate statement of its contents.

       15.    Deny.

       16.    Admit.

       17.    Admit.

       18.    Admit.

       19.    Admit the first sentence. Deny the second sentence. As to the third sentence, admit that plaintiff referenced 6 CFR § 5.5(d)(1)(ii) and stated that this "request warrants expedited processing because it pertains to a matter about which there is an 'urgency to inform the public about an actual or alleged federal government activity,' and the request is made by 'a person primarily engaged in disseminating information.'" To the extent that the third sentence implies that plaintiff met the standard for expedited processing, this sentence is denied.

       20.    This paragraph quotes a portion of plaintiff's December 6, 2006 FOIA request, to which the Court is respectfully referred for a full and accurate statement of its

contents.

21. This paragraph quotes a portion of plaintiff's December 6, 2006 FOIA request, to which the Court is respectfully referred for a full and accurate statement of its contents.

22. This paragraph contains plaintiff's characterizations of its December 6, 2006 FOIA request, to which the Court is respectfully referred for a full and accurate statement of its contents.

23. Admit.

24. Admit that as of the date of the amended complaint, defendant DHS had not released to plaintiff records responsive to plaintiff's FOIA requests dated November 7, 2006, and December 6, 2006. Defendant avers that at the date of this answer, defendant has released records responsive to plaintiff's aggregated FOIA requests of November 7, 2006, and December 6, 2006.

25. This paragraph contains plaintiff's conclusions of law and thus no response is required. To the extent a response is required, this paragraph is denied.

26. This paragraph contains plaintiff's conclusions of law and thus no response is required. To the extent a response is required, this paragraph is denied.

27. This paragraph contains plaintiff's conclusions of law and thus no response is required. To the extent a response is required, this paragraph is denied.

28. Defendant repeats and realleges the responses contained in paragraphs 1-27 inclusive.

29. This paragraph contains plaintiff's conclusions of law and thus no response is

required. To the extent a response is required, this paragraph is denied.

30. Defendant repeats and realleges the responses contained in paragraphs 1-27 inclusive.

31. This paragraph contains plaintiff's conclusions of law and thus no response is required. To the extent a response is required, defendant denies it has wrongfully withheld records from plaintiff.

32. This paragraph contains plaintiff's conclusions of law and thus no response is required. To the extent this paragraph suggests that defendant has wrongfully withheld records from plaintiff, this paragraph is denied.

33. Deny.

The balance of plaintiff's Complaint constitutes plaintiff's prayer for relief to which no response is required. Defendant avers that plaintiff is not entitled to any relief. Defendant hereby denies all allegations not otherwise admitted or denied in this answer to plaintiff's Complaint.

WHEREFORE, having fully answered, defendant asserts that plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice.

Dated February 7, 2007

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO

(D.C. Bar 418925)
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

/s/ *Adam D Kirschner*
ADAM D. KIRSCHNER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Ave., NW., Room 7126
Washington, D.C. 20001
Telephone: (202) 353-9265
Fax: (202) 616-8470
adam.kirschner@usdoj.gov

Counsel for Defendant